UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



DA'SHAWN RUSSELL, 13B0551,

        Plaintiff,

-v-

JAMES P. THOMPSON,
A.J. KIENER and LT. PAWLEK,

        Defendants.

**DECISION and ORDER**
15-CV-6411CJS

## INTRODUCTION

Plaintiff, Da'Shawn Russell, an inmate of the Collins Correctional Facility, has filed this Amended Complaint (Docket No. 4) as directed by the Court's Order of October 27, 2015 (Docket No. 3). Plaintiff's claims that Superintendent James Thompson, Sergeant Kiener and Lieutenant Pawlek violated his rights when he was maliciously falsely charged with extortion of inmates, denied due process at the disciplinary hearing and subjected to cruel and unusual punishment and failure to protect while serving the disciplinary sentence, before the charge was reversed and expunged on appeal, must be dismissed because they fail to state a claim.

## DISCUSSION

**False Misbehavior Report**

Plaintiff claims that he received a false misbehavior report. As discussed in the Court's previous Order, the allegation that the misbehavior report was inac-

curate or even deliberately falsified does not state a constitutional violation because an inmate has no constitutional immunity from being falsely written up. *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest"), *cert. denied*, 485 U.S. 982 (1988); *Husbands v. McClellan*, 957 F. Supp. 403 (W.D.N.Y. 1997). The constitutional violation that could occur in this situation is if plaintiff were not provided adequate due process in any proceeding which is based upon the misbehavior report. In that case, the claim is not based on the truth or falsity of the misbehavior report, but instead on the conduct of the hearing itself.

**Denial of Due Process**

Plaintiff's claim of denial of due process must be dismissed. A prisoner plaintiff has "'no right to due process [at his hearing] *unless* a liberty interest' was infringed as a result." *Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir. 2004) (quoting *Scott v. Albury*, 156 F.3d 283, 287 (2d Cir. 1998) (per curiam)). Prison discipline infringes a liberty interest "only if the discipline 'imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life' ...." *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)); *and see Frazier v. Coughlin*, 81 F.3d 313, 317 (2d Cir. 1996) (per curiam). Thus, the Court must consider the actual punishment imposed to determine whether a liberty interest has been implicated. *Id.* The relevant factors "include 'the extent to which the

conditions of the disciplinary segregation differ from other routine prison conditions' and 'the duration of the disciplinary segregation imposed compared to discretionary confinement.'" *Id.* (quoting *Wright v. Coughlin*, 132 F.3d 133, 136 (2d Cir. 1998)). Plaintiff's Amended Complaint indicates that he was confined for a period of no more than 30 days before the conviction was removed from his record. Although Plaintiff passionately and exhaustively argues that segregated confinement should be considered unconstitutional, he fails to allege the type of facts that Courts in this Circuit have found reach the level of atypical and significant under the standards of *Sandin v. Conner*. He has not, therefore, shown that he had a liberty interest that entitles him to the due process protections of *Wolff v. McDonell*, 418 U.S. 539, 558 (1974) and the cases based upon it. The claim for denial of due process must be dismissed.

**Cruel and Unusual Punishment**

Plaintiff's claims that he was subjected to cruel and unusual punishment and failure to protect also must be dismissed with prejudice. Plaintiff's allegations do not support these claims. In order to succeed on his Eighth Amendment claim, Plaintiff must prove that the conditions of his confinement were "barbarous" or "shocking to the conscience." *Sostre v. McGinnis,* 442 F.2d 178, 191 (2d Cir.1971), *cert. denied,* 404 U.S. 1049 (1972). Segregated confinement does not itself violate the Eighth Amendment. *Id.,* at 192, *Porter v. Coughlin*, 964 F. Supp. 97, 104 (W.D.N.Y. 1997).

## CONCLUSION

For the reasons set forth above, Plaintiff's Amended Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  See 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that Plaintiff's Amended Complaint is dismissed with prejudice;

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

/s/ Charles J. Siragusa
Charles J. Siragusa
UNITED STATES DISTRICT JUDGE

Dated: Sept. 26, 2016
Rochester, NY